UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DRAKE,<br><br>                    Plaintiff,<br><br>             v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 14-9239 JC<br><br>MEMORANDUM OPINION |

**I.     SUMMARY**

On December 2, 2014, Scott Drake ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 4, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In October 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 21, 186, 188). Plaintiff asserted that he became disabled on September 1, 2010, due to a psychotic disorder. (AR 21, 217). The ALJ examined the medical record and heard testimony from plaintiff (who appeared with a non-attorney representative), and medical and vocational experts on July 22, 2013. (AR 45-69).

On August 8, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 21-33). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: drug-induced psychosis, and substance abuse (AR 23); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 24); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with additional, nonexertional limitations[1] (AR 25); (4) plaintiff could not perform any past relevant work (AR 31); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically hand packager and laundry worker II (AR 31-32); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of his subjective symptoms were not entirely credible (AR 26).

The Appeals Council denied plaintiff's application for review. (AR 3).

///

---

[1] The ALJ determined that plaintiff: (i) was limited to moderately complex tasks of SVP 4 or less; (ii) could not be responsible for safety operations; (iii) could not operate hazardous or fast moving machinery; and (iv) could not work at unprotected heights. (AR 25).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

(quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits must be upheld if the evidence could reasonably support either affirming or reversing the ALJ's decision.  Robbins, 466 F.3d at 882 (a court may not substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Opinions of Plaintiff's Treating Psychiatrist

#### 1. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians."  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted).  A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]"  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Orn, 495 F.3d at 631 (citations and quotation marks omitted).  As a general rule, opinions from treating physicians are given the greatest weight "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual. . . ."  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations omitted).  An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion.  Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  An ALJ may reject the uncontroverted opinion of a treating physician or an examining physician by

1  providing "clear and convincing reasons that are supported by substantial
2  evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation
3  omitted). Where a treating or examining physician's opinion is contradicted by
4  another doctor's opinion, an ALJ may reject the treating/examining opinion only
5  "by providing specific and legitimate reasons that are supported by substantial
6  evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

### 2. Analysis

In a Mental Impairment Questionnaire dated March 6, 2013, Dr. W. Edison Houpt, one of plaintiff's treating psychiatrists, diagnosed plaintiff with schizophrenia (residual type), and opined, in pertinent part, that plaintiff (1) would be "unable to meet competitive standards" in the mental abilities and aptitudes needed to work in coordination with or proximity to others without being unduly distracted, to accept instructions and respond appropriately to criticism from supervisors, and to deal with stress of semiskilled and skilled work (AR 312-13); (2) was "seriously limited" in multiple other mental abilities and aptitudes needed to do unskilled work (AR 312-13); (3) had moderate restriction in his activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in concentration, persistence, or pace due to plaintiff's mental impairments (AR 314); (4) had "[t]hree or more episodes of decompensation within 12 months, each at least two weeks long" (AR 314); and (5) would be absent from work due to his impairments or treatment about three days per month (AR 315) (collectively "Dr. Houpt's Opinions"). Plaintiff contends that a reversal or remand is required because the ALJ failed properly to evaluate Dr. Houpt's Opinions. (Plaintiff's Motion at 4-10). The Court disagrees.

First, Dr. Houpt provided his opinions in a check-the-box format. (AR 310-15). As the ALJ noted, Dr. Houpt gave "very little explanation" of the evidence upon which he relied, much less specific clinical findings (*i.e.*, results of objective testing or a physical examination) that supported his conclusions that plaintiff had

the noted significant mental limitations. (AR 310-15). The ALJ properly rejected Dr. Houpt's Opinions on this basis alone. See, e.g., Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ [] permissibly rejected [psychological evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); De Guzman v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir. 2009) (ALJ "is free to reject 'check-off reports that d[o] not contain any explanation of the bases of their conclusions.'") (citing id.); see generally Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not. . . .") (citation omitted);

Second, the ALJ also properly rejected Dr. Houpt's Opinions because they were not supported by the psychiatrist's own treatment notes. See Connett, 340 F.3d at 875 (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [physician] opined should be imposed on [claimant]"); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). For example, as the ALJ suggested, Dr. Houpt's very limited treatment records for plaintiff document few, if any, mental limitations much less any objective findings that would plausibly support the significant physical limitations Dr. Houpt found for plaintiff. (AR 29, 319-24). As the ALJ also noted, Dr. Houpt's Opinions state that plaintiff had three episodes of decompensation within a 12-month period, each of at least two weeks of duration (AR 314), yet such episodes are not documented in any treatment records from Dr. Houpt or the mental health clinic with which he was affiliated (AR 316-78). See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating

provider.") (citations omitted). To the extent plaintiff argues that Dr. Houpt's Opinions should not have been rejected because they are supported by the "treatment record" as a whole (Plaintiff's Motion at 9), this Court declines plaintiff's invitation to second-guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. See Robbins, 466 F.3d at 882 (citation omitted). In addition, the ALJ was not, as plaintiff argues (Plaintiff's Motion at 9), required to recontact Dr. Houpt to obtain clarification for the check-box opinions. As discussed below, there was substantial other evidence from which the ALJ could evaluate plaintiff's disability claim. See, e.g., Bayliss, 427 F.3d at 1217 (ALJ had no duty to re-contact doctors after rejecting parts of their opinions where "ALJ, with support in the record, found the evidence adequate to make a determination regarding [claimant's] disability."); De Guzman, 343 Fed. Appx. at 209 (ALJ has no obligation to recontact physician to determine bases for opinions expressed in "check-off reports" that provide no explanation for bases of physician's conclusions) (citation and internal quotation marks omitted).

      Finally, the ALJ properly rejected Dr. Houpt's Opinions in favor of, *inter alia*, the conflicting opinions of the consultative examining psychiatrist, Dr. Thaworn Rathana-Nakintara (who opined, in pertinent part, that plaintiff had "no limitations performing detailed and complex tasks") (AR 297), and the testifying medical expert, Dr. Joseph Malancharuvil (a board certified clinical psychologist whose residual functional capacity assessment the ALJ mostly adopted) (AR 52-53). The opinions of Dr. Rathana-Nakintara were supported by the psychiatrist's independent examination of plaintiff (AR 296-98), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Houpt's Opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant)

(citations omitted). Dr. Malancharuvil's testimony regarding plaintiff's mental functioning also constituted substantial evidence supporting the ALJ's decision since it was supported by and consistent with the other medical evidence in the record including Dr. Rathana-Nakintara's opinions and underlying independent examination.[2] See Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

Accordingly, a remand or reversal on this basis is not warranted.

### B. The ALJ Properly Evaluated Plaintiff's Credibility

#### 1. Pertinent Law

When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged," and there has not been a finding of malingering, the ALJ may discount the credibility of the claimant's subjective complaints only by "offering specific, clear and convincing reasons for doing so." Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 6684997, *5 (9th Cir. Nov. 3, 2015) (citation and internal quotation marks omitted). This requirement is very difficult to meet. See Garrison, 759 F.3d at 1015 (citation and internal quotation marks omitted). An ALJ must specify the testimony he or she finds not credible, provide "clear and convincing reasons" why the particular testimony lacks credibility, and identify the specific evidence

---

[2]The ALJ's decision was also supported by the opinions of the state-agency reviewing physicians (AR 78, 89, 103, 114), neither of whom opined that plaintiff could not work for any continuous twelve-month period. See, e.g., Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1991) (upholding Commissioner and noting that after surgery, no doctor suggested claimant was disabled). To the extent there were conflicts or ambiguities in the properly supported medical opinion evidence, it was the sole province of ALJ to resolve them. See, e.g., Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (citation omitted).

1  which undermines the claimant's subjective complaints.  See, e.g., Brown-Hunter,
2  2015 WL 6684997, at *1, *5-*6 (legal error where ALJ failed to identify
3  claimant's testimony found not credible and failed to "link that testimony to the
4  particular parts of the record supporting her non-credibility determination").
5       An ALJ's credibility determination must be specific enough to permit a
6  reviewing court to conclude that the ALJ did not arbitrarily discredit the
7  claimant's subjective complaints.  Id. at *5 (citation and quotation marks omitted).
8  "General findings are insufficient[.]"  Id. (citations and quotation marks omitted).
9  Nonetheless, if the ALJ's interpretation of the claimant's testimony is reasonable
10 and is supported by substantial evidence, it is not the court's role to
11 "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)
12 (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)
13 (Evaluation of a claimant's credibility and resolution of conflicts in the testimony
14 are solely functions of the Commissioner.) (citation omitted).

### 2.     Analysis

16     Plaintiff contends that a remand or reversal is warranted because the ALJ
17 inadequately evaluated the credibility of his subjective complaints.  (Plaintiff's
18 Motion at 11-14).  The Court disagrees.
19     First, the ALJ properly discredited plaintiff's subjective complaints due to
20 inconsistencies in plaintiff's own statements and testimony.  See Light v. Social
21 Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in
22 weighing plaintiff's credibility, ALJ may consider "inconsistencies either in
23 [plaintiff's] testimony or between his testimony and his conduct").  For example,
24 as the ALJ noted, while testifying at the hearing plaintiff acknowledged that when
25 he applied for unemployment benefits he signed a form stating that he was
26 "willing and able to work full time," even though plaintiff did not think he was, in
27 ///
28 ///

fact, able to work.³  (AR 26, 50).  Plaintiff argues that this was not a clear and convincing reason for discounting his credibility because (1) the ALJ made a "misstatement of the eligibility requirements" for California unemployment benefits (*i.e.*, plaintiff asserts "[t]here is no requirement that an individual must certify the ability to work full time" to be eligible for such benefits);⁴ and (2) an August 9, 2010, Chief Administrative Law Judge's memorandum states, in part, "that one's claim to be able to work doesn't contradict one's claim to be disabled under Social Security Rules." (Plaintiff's Motion at 13) (citing Freeman v. Colvin, 2014 WL 793148, *2 n.1 (W.D. Wash. Feb. 26, 2014)).  Even assuming, for the sake of argument, that the foregoing general propositions are accurate, in this case plaintiff still testified under oath that when he applied for unemployment benefits plaintiff indicated that he was "willing and able to work full time" when, in fact, he believed otherwise.  (AR 50).  The ALJ was entitled to conclude that plaintiff's apparent prior dishonesty and/or current inconsistency in this testimony eroded the credibility of plaintiff's other statements.  See Ghanim, 763 F.3d at 1163 (in assessing credibility, ALJ may consider " testimony by the claimant that appears less than candid").

        Second, the ALJ properly discounted the credibility of plaintiff's subjective complaints as inconsistent with plaintiff's daily activities.  See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) ("Inconsistencies between a claimant's testimony and the claimant's reported activities provide a valid reason for an

---

³The administrative hearing transcript reflects the following exchange between the ALJ and plaintiff: "Q Okay.  Did you ever get any unemployment or Worker's Compensation?  [¶] A I got some unemployment. [¶] Q Okay. And when you applied for unemployment, you signed the . . . form, saying you were willing and able to work full time? [¶] A Yes. [¶] Q And do you think you were? [¶] A No. [¶] Q Why not? [¶] A I have problems with voices."  (AR 50).

⁴Plaintiff provides no authority for this assertion other than a citation to the main web site for the California Employment Development Department (*i.e.*, "edd.ca.gov").  (Plaintiff's Motion at 13).

11

adverse credibility determination.") (citation omitted).  For example, as the ALJ noted (AR 24), contrary to plaintiff's allegations of disabling symptoms (AR 217), plaintiff testified at the hearing that he was able to drive a car and do some household chores (*i.e.*, mow lawn, feed animals) (AR 64); plaintiff stated in an Adult Function Report that his daily activities included dressing himself, "hav[ing] coffee and/or breakfast," watching television, eating lunch, doing "some yard work or chores," and having dinner (AR 223); and plaintiff reported to Dr. Rathana-Nakintara during the consultative psychiatric examination that he could do "household chores," "handle[] his own funds and pay[] his own bills," and "drive his own car," and that plaintiff had "adequate self-care skills of bathing, dressing, eating, toileting, and safety precautions" (AR 296).

As plaintiff suggests, the mere fact that a claimant has carried on certain minimal daily activities does not, on its own, detract from the claimant's overall credibility.  See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to be disabled.") (citation omitted).  Nonetheless, this does not mean, as plaintiff also appears to suggest (Plaintiff's Motion at 13-14), that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount the credibility of conflicting subjective symptom testimony.  See Molina, 674 F.3d at 1113 ("[An] ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . [e]ven where those activities suggest some difficulty functioning. . . .") (citations omitted); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations").  Here, even though plaintiff stated that he had difficulty functioning, the ALJ properly discounted the credibility of plaintiff's subjective-symptom testimony to the extent plaintiff's daily activities were inconsistent with a "totally

debilitating impairment." See Molina, 674 F.3d at 1113; Reddick, 157 F.3d at 722.

Finally, plaintiff argues that the ALJ improperly discounted his credibility for other reasons (*i.e.*, lack of support by objective evidence, and conservative treatment). (Plaintiff's Motion at 12, 14) (citing AR 26-27). A reversal or remand is not warranted on any such grounds, however, since the section of the ALJ's decision to which plaintiff refers discusses medical evidence, not plaintiff's credibility. Cf. Burrell v. Colvin, 775 F.3d at 1138 (ALJ's identification of conflict between claimant's hearing testimony and other statements made "in passing" and "in a different section than the credibility determination" insufficient to meet "requirements of specificity").

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 13, 2015

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE